UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. _____

*Electronically Filed*

**ANDRE JOHNSON, on behalf of**
**himself and all others similarly situated**                                              **PLAINTIFF**

**v.**

**SR JUSTUS, INC.**                                                                                      **DEFENDANT**

---

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Andre Johnson, by and through counsel, on behalf of himself and all others similarly situated, submits this Collective Action Complaint against Defendant SR Justus, Inc.

**Introduction**

1.    Johnson, on behalf of himself and all others similarly situated, brings this action against his former employer, Justus, to redress violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Justus' violations of the FLSA have deprived Johnson, as well as others similarly situated to Johnson, of wages to which they are entitled by law.

2.    Johnson and other similarly-situated current and former employees of Justus regularly worked more than forty hours per week without receiving any overtime compensation as required by 29 U.S.C. § 207(a). Pursuant to 29 U.S.C. § 216(b), Johnson is permitted to maintain this action "for and in behalf of himself . . . and other employees similarly situated."

3.    This action is brought to recover unpaid overtime compensation owed to Johnson and all other similarly-situated current and former employees of Justus.

**Parties, Jurisdiction, and Venue**

4. Johnson is, and at all times relevant to this action was, a citizen and resident of Lexington, Fayette County, Kentucky.

5. Plaintiff consents to be a party plaintiff to this action pursuant to 29 U.S.C. § 216(b). (**Ex. 1**)

6. Justus is, and at all times relevant to this action was, a Kentucky corporation licensed to conduct business in the Commonwealth of Kentucky, and which conducted business in Lexington, Fayette County, Kentucky, and throughout the Commonwealth of Kentucky. Justus may be served via its registered agent for service of process, Steve Justus, at 2421 Eastway Drive, Lexington, Kentucky 40503.

7. Johnson's claims in this action are brought pursuant to 29 U.S.C. § 207(a), and certification of a collective action for those claims is sought pursuant to 29 U.S.C. § 216(b).

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. The United States District Court for the Eastern District of Kentucky is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(a)(2)(B).

**Facts**

10. FedEx, an international parcel delivery company, contracts with local vendors to pick up and deliver goods and packages to both residential and business customers. FedEx contracted with Justus, which, in turn, employed parcel delivery drivers to perform all pick-up and delivery services.

11. Upon information and belief, FedEx contracts with Justus to pick up and deliver packages throughout the Commonwealth of Kentucky, including in Florence (northern Kentucky), Lexington (central Kentucky), and Elizabethtown (western Kentucky), for which Justus is paid in excess of $500,000.00 on an annual basis.

12. Upon information and belief, Justus currently employees more than 10 parcel delivery drivers throughout the Commonwealth of Kentucky. And, in the last three years, has employed (including current employees) more than 25 parcel delivery drivers.

13. Justus hired Johnson as a parcel delivery driver in June 2017. Justus terminated Johnson on February 22, 2018.[1]

14. As part of his duties and responsibilities, Johnson arrived at the FedEx terminal in Lexington, Kentucky, every morning. He received a "manifest" from FedEx that set forth each of the deliveries and/or pick-ups for that day and, with or without the help of a FedEx employee, loaded the parcels to be delivered in his truck. On average, Johnson, as well as all other similarly-situated current and former employees, spent approximately two hours at the terminal before departing to deliver parcels.

15. At the end of each day, Johnson returned to the FedEx terminal to return any undelivered parcels and to drop off all parcels that were picked up for delivery, as well as to complete any necessary paperwork. On average, Johnson, as well as all other similarly-situated current and former employees, spent approximately one hour at the terminal before going home for the day.

---

[1] Johnson alleges in a separate state-court action that he was wrongfully terminated for filing or pursuing a workers' compensation claim in violation of KRS § 342.197. The basis for Johnson's termination is not at issue in this federal-court proceeding.

16. Throughout the course of his employment, Johnson regularly worked in excess of forty hours per week. Current and former employees similarly situated to Johnson also regularly worked in excess of forty hours per week.

17. Justus never paid Johnson overtime wages—time-and-a-half his regular rate of pay—for any and all hours worked in excess of forty in a work week.

18. Justus' compensation scheme for its parcel delivery drivers is a confusing amalgam of varying pay practices, making use of hourly rate, day rate, and non-discretionary bonus amounts, the intentional complexity of which suggests an effort by Justus to conceal the true method by which wages are calculated generally and the complete absence of overtime wages from employee remuneration specifically.

19. Justus maintains a Thursday to Wednesday work week, with paychecks issued to employees every Thursday for the prior week.

20. Upon being hired, Justus informed Johnson that he would earn a day-rate, a lump sum of money for each day worked regardless of the number of hours he worked.

21. Johnson's paychecks, however, revealed an hourly rate paid to him for eight hours per day, regardless of the number of hours he worked that day.[2]

22. When Johnson worked less than forty hours in a work week, his paychecks revealed that he was paid an hourly rate for the hours worked.

23. When Johnson worked more than forty hours in a work week, his paychecks reveal that he was paid an hourly rate only for forty hours worked.

---

[2] Even these paychecks, however, shorted Johnson on the actual wages due to him. For instance, for the pay period of August 3 through August 9, 2017, for which Johnson was paid on August 10, 2017, Johnson worked 40 hours and was paid, according to his paycheck, $16.88 per hour. Instead of being paid a gross amount of $675.20 ($16.88 x 40), Justus only paid Johnson $675.00.

24. On several of the many occasions when Johnson worked more than forty hours in a work week, his paycheck reveals that he was paid an hourly rate for all hours, not time-and-a-half for all hours worked in excess of forty that week.

25. Most of the time, however, Johnson worked more than 40 hours in a work week, but was not paid overtime wages for any of the overtime hours.

26. In addition to the confusion created by whether Justus compensated Johnson, and all other similarly-situated current and former employees, using an hourly rate or a day rate, Justus paid Johnson, and all other similarly-situated current and former employees, a non-discretionary "commission." How the commission amount was calculated was not explained to Johnson, but during his employment the commission payment was as low as $2.00 and as high as $66.00 per pay period.

27. Regardless of whether Justus compensated Johnson, and all other similarly-situated current and former employees, using an hourly rate or a day rate, Justus did not compute or include any overtime pay when determining compensation due to each employee.

28. If Justus compensated Johnson and all other similarly-situated current and former employees on an hourly basis, as the paychecks suggest, Johnson and all other similarly-situated current and former employees were not paid time-and-a-half for all hours worked in excess of forty in each work week.

29. For example: if Johnson worked 50 hours in a work week, and his regular rate of pay was $16.88 per hour, Justus would be obligated to compensate Johnson a gross amount of $928.40 ((40 x $16.88 = $675.20) + (10 x $25.32 = $253.20)).

30. If Justus compensated Johnson and all other similarly-situated current and former employees on a day-rate basis, Johnson and all other similarly-situated current and former employees were not paid time-and-a-half for all hours worked in excess of forty in a work week.

31. For example: if Johnson earned $135.00 per day ($675.00 per week), and Johnson worked 50 hours that work week and earned $50.00 in non-discretionary commissions, Justus would have been required to compensate Johnson a gross amount of $797.50. This calculation starts by adding the total day-rate for the week and the non-discretionary commissions earned ($675.00 + $50.00 = $725.00). That amount is then divided by 50, the total hours worked, to determine the regular rate of pay ($725.00 / 50 = $14.50 per hour; $14.50 x 1.5 = $21.75 per overtime hour). The rates of pay are then multiplied by the hours worked (40 x $14.50 = $580.00; 10 x $21.75 = $217.50; $580.00 + $217.50 = $797.50 total gross pay). *See* 29 C.F.R. §§ 778.112, 778.117, 778.118.

32. To properly calculate all compensation due to Johnson and all other similarly-situated current and former employees, Justus must maintain accurate records of hours worked for each employee. In violation of the 29 U.S.C. § 211(c), Justus does not do so. In particular, Justus does not account for all time employees spend working each day, either at the FedEx terminal or on their delivery route.

33. Justus did not maintain adequate or accurate records of all time employees spend working during the work day because the company had no intention, despite the clarity of the overtime pay requirements found in the FLSA and the Department of Labor regulations, to compensate them for any overtime worked in a work week.

34. Justus cannot proffer any justifiable or good-faith basis for refusing or otherwise failing to compensate Johnson, and all other similarly-situated current and former employees, for overtime worked each work week.

## COLLECTIVE ACTION ALLEGATIONS

35. Johnson brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and on behalf of a collective of other persons similarly situated, defined as follows:

> All current and former parcel delivery drivers employed by SR Justus, Inc., in the Commonwealth of Kentucky who, in the three years immediately preceding the filing of this Collective Action Complaint, were not paid overtime compensation for all work performed in excess of forty hours per week.

36. Questions of law and fact are common among Johnson and the collective, including, but not limited to, the following:

    A.    whether Johnson and the collective were formerly employed or are currently employed as parcel delivery drivers;

    B.    whether Justus failed to pay former employees and continues to fail to pay current employees overtime compensation in violation of 29 U.S.C. § 207(a);

    C.    whether Justus maintained for former employees and continues to maintain for current employees a policy, practice, or custom that prevents the employees from submitting time records reflecting all hours worked in the work week in violation of the Fair Labor Standards Act;

    D.    whether Justus failed for former employees and continues to fail for current employees to maintain adequate and accurate records of all time employees spend working each day and in the work week; and

E.  whether Justus's failure to pay overtime to former and current employees was willful within the meaning of the Fair Labor Standards Act.

37. There are potentially numerous other similarly-situated current and former employees of Justus who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-approved or Court-supervised notice of this collection action and given the opportunity to join this collective action pursuant to 29 U.S.C. § 216(b).

38. Johnson and each member of the collective he seeks to represent are similarly situated: they formerly were or currently are employed by Justus as parcel delivery drivers; they performed or currently perform the same or substantially similar duties; they reported or currently report to the same supervisor(s); they were or currently are paid the same or a substantially similar amount of money; they regularly worked or currently work more than forty hours per week; they were not or currently are not paid overtime compensation for all hours worked in excess of forty hours each work week; and Justus does not maintain adequate or accurate records of time they spent or currently spend working each day or each week.

39. Johnson will fairly and adequately represent and protect the interests of the collective.

40. Johnson has retained competent counsel experienced with labor and employment matters, with matters arising under the Fair Labor Standards Act, and with class and collective action litigation.

41. The names and addresses of the members of the collective are available from Justus.

**Count I:**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)**

42. Johnson was an "employee" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

43. Each member of the collective—persons currently or formerly employed by Justus as parcel delivery drivers—is or was an "employee" as defined by the FLSA. *Id*.

44. Justus is an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

45. Justus is an "enterprise" engaged in "commerce," or in the production of "goods" for "commerce," within the meaning of FLSA. 29 U.S.C. § 203(b), (i), (j), (r), and (s).

46. At all times relevant to this Collective Action Complaint, Justus has had gross operating revenues in excess of $500,000.00. 29 U.S.C. § 203(s)(1)(A)(i) and (ii).

47. Justus was required to pay Johnson, as well as all persons currently and formerly employed as parcel delivery drivers, overtime compensation (one-and-a-half times their regular rate of pay) for all hours worked in excess of forty hours in a work week.

48. By failing to pay Johnson and all other similarly-situated current and former employees appropriate overtime compensation, Justus has willfully, knowingly, intentionally, or recklessly violated the FLSA, 29 U.S.C. § 207(a) and corresponding federal regulations, 29 C.F.R. 778.107 *et seq*.

49. By failing to pay Johnson and all other similarly-situated current and former employees appropriate overtime compensation, Justus has willfully and intentionally engaged in a widespread pattern and practice of violating the FLSA, 29 U.S.C. § 207(a), and corresponding federal regulations, 29 C.F.R. § 778.107 *et seq*.

50. Justus has made no good faith effort to comply with the FLSA or the corresponding federal regulations.

51. Just has failed to make, keep, and preserve records for Johnson and for each putative member of the collective showing their hours worked each day and each work week sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 209 U.S.C. § 211(c).

52. As a result of Justus' violations and unlawful acts, Johnson and all other similarly-situated current and former employees have suffered damages, including, but not limited to, total and complete overtime compensation in an amount to be determined at trial, and Johnson and all other similarly-situated current and former employees are entitled to recover injunctive relief, liquidated damages, pre-judgment interest, and attorney's fees, costs, and expenses.

### **Prayer for Relief**

Wherefore, Plaintiff Andre Johnson, on behalf of himself and a collective of similarly-situated current and former employees of Defendant SR Justus, Inc., prays that the Court award him, and the collective, the following relief:

A. for a trial by jury;

B. for a declaration that the compensation practices complained of in this Collective Action Complaint are unlawful;

C. for a judgment in favor of Johnson and the collective on all claims asserted in this Collective Action Complaint;

D. for the designation of this action as a collective action on behalf of the collective, those current and former parcel delivery drivers employed by Justus who are similarly-situated to Johnson;

E. for the designation of Johnson as the collective's representative;

F. for the designation of undersigned counsel as the collective's counsel;

G. for the issuance, at the earliest possible time, of notice to the members of the collective apprising them of their rights to opt in to this action and permitting them to assert timely claims for overtime compensation that was not or has not been paid to them;

H. for the equitable tolling of the statute of limitations from the date of the filing of this Collective Action Complaint until the expiration of the deadline for filing consent-to-sue forms pursuant to 29 U.S.C. § 216(b);

I. for an injunction against Justus from continuing to engage in the unlawful compensation practices set forth in this Collective Action Complaint;

J. for an award of compensatory damages and equitable relief, including, but not limited to, back pay, liquidated damages, and pre-judgment interest;

K. for an award of attorney's fees, costs, and expenses incurred in prosecuting this action; and

L. any and all other relief to which Johnson and the collective may be entitled.

Respectfully submitted,

**/s/ Matthew T. Lockaby**
Matthew T. Lockaby
Lockaby PLLC
1795 Alysheba Way, Suite 4207
Lexington, Kentucky 40509
Tele: 859.263.7884
Fax: 844.270.3044
Email: mlockaby@lockabylaw.com

*Counsel for Plaintiff, Andre Johnson*