**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CASE NO. 5:18-cv-00184-DCR**

*ELECTRONICALLY FILED*

ANDRE JOHNSON, on behalf of                                    PLAINTIFF
himself and all others similarly situated.
v.

SR JUSTUS, INC.                                               DEFENDANT

**ANSWER OF DEFENDANT, SR JUSTUS, INC. [Related Doc. 1]**

---

The Defendant, SR Justus, Inc. ("SR Justus") by counsel, for its Answer to the Complaint [Doc. 1] hereby states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim or claims upon which relief can be granted, and should therefore be dismissed.

**SECOND DEFENSE**

In response to the numerical paragraphs in the Complaint, SR Justus responds as follows:

1.      Concerning Paragraph 1, SR Justus denies the allegation that it has committed any violations of the Fair Labor Standards Act, or that Johnson or any other similarly situated to him has been deprived of any wages to which they are entitled by law. The other allegations are general statements about the purpose of the Complaint, to which no further response is required.

2.      SR Justus denies the allegations in Paragraph 2.

3.      Concerning Paragraph 3, SR Justus denies the allegation that Johnson or any other similarly situated to him has been deprived of any overtime compensation which they are entitled

by law. The other allegations are general statements about the purpose of the Complaint, to which no further response is required.

4.      SR Justus lacks sufficient information to form a belief as to the veracity of the allegations in Paragraph 4, and therefore denies same.

5.      SR Justus lacks sufficient information to form a belief as to the veracity of the allegations in Paragraph 5, and therefore denies same.

6.      SR Justus admits the allegations in Paragraph 6.

7.      Paragraph 7 is a legal conclusion to which SR Justus believes no response is required; however, to the extent a response is required, the allegations are denied.

8.      SR Justus admits the allegations in Paragraph 8.

9.      SR Justus lacks sufficient information to form a belief as to the veracity of the allegations in Paragraph 9, and therefore denies same.

10.     SR Justus admits the allegations in Paragraph 10.

11.     SR Justus denies the allegations in Paragraph 11.

12.     SR Justus denies the allegations in Paragraph 12.

13.     SR Justus admits the allegations in Paragraph 13.

14.     With respect to Paragraph 14, SR Justus admits the first two sentences, and denies the final sentence.

15.     With respect to Paragraph 15, SR Justus admits the first sentence, and denies the final sentence.

16.     SR Justus denies the allegations in Paragraph 16.

17.     SR Justus admits the allegations in Paragraph 17, but denies that Johnson was entitled to "overtime wages."

18.     SR Justus denies the allegations in Paragraph 18.

19.     SR Justus admits the allegations in Paragraph 19.

20.     SR Justus admits the allegations in Paragraph 20.

21.     With respect to Paragraph 21, SR Justus affirmatively states that the payroll processing software used by him tracked the number of hours reported by drivers to have worked, and calculated an hourly rate for internal accounting purposes only, based upon the agreed-upon daily wage for a work day that would last approximately eight hours.

22.     With respect to Paragraph 22, SR Justus affirmatively states that the payroll processing software used by him tracked the number of hours reported by drivers to have worked, and calculated an hourly rate for internal accounting purposes only, based upon the agreed-upon daily wage for a work day that would last approximately eight hours.

23.     With respect to Paragraph 23, SR Justus affirmatively states that the payroll processing software used by him tracked the number of hours reported by drivers to have worked, and calculated an hourly rate for internal accounting purposes only, based upon the agreed-upon daily wage for a work day that would last approximately eight hours.

24.     With respect to Paragraph 24, SR Justus affirmatively states that the payroll processing software used by him tracked the number of hours reported by drivers to have worked, and calculated an hourly rate for internal accounting purposes only, based upon the agreed-upon daily wage for a work day that would last approximately eight hours.

25.     With respect to Paragraph 25, SR Justus affirmatively states that Johnson's logged hours during a given work week occasionally exceeded 40, but denies that Johnson was entitled to "overtime wages."

26.     With respect to Paragraph 26, SR Justus affirmatively states that based on certain merit- and performance-based benchmarks, certain employees were paid a sum in addition to their agreed-upon daily rate, and that this bonus payment (believed to be the "commission" referred to in this paragraph) was in addition to the daily rate sum, was fully explained to all employees including Johnson, and that Johnson occasionally earned the "commission" based upon his attainment of certain merit- and performance-based benchmarks. All other allegations not specifically admitted to herein are denied.

27.     With respect to Paragraph 27, SR Justus admits that it did not pay certain employees an overtime rate if their hours worked exceeded 40 in a given week, but denies that it was required to do so based on what is commonly referred to as the "Motor Carrier Exception" to the FLSA requirements for overtime pay.

28.     With respect to Paragraph 28, SR Justus denies that the agreed-upon wage rate for its employees was on an hourly basis. SR Justus admits that it did not pay certain employees an overtime rate if their hours worked exceeded 40 in a given week, but denies that it was required to do so based on what is commonly referred to as the "Motor Carrier Exception" to the FLSA requirements for overtime pay.

29.     SR Justus denies the allegations in Paragraph 29.

30.     With respect to Paragraph 30, SR Justus admits that it did not pay certain employees an overtime rate if their hours worked exceeded 40 in a given week, but denies that it was required to do so based on what is commonly referred to as the "Motor Carrier Exception" to the FLSA requirements for overtime pay.

31.     SR Justus denies the allegations in Paragraph 31.

32.     SR Justus denies the allegations in Paragraph 32.

4

33.     SR Justus denies the allegations in Paragraph 33.

34.     SR Justus denies the allegations in Paragraph 34, and specifically notes the applicability of the "Motor Carrier Exception" to the FLSA requirements for overtime pay.

35.     SR Justus denies the allegations in Paragraph 35.

36.     SR Justus denies the allegations in Paragraph 36.

37.     SR Justus denies the allegations in Paragraph 37.

38.     SR Justus denies the allegations in Paragraph 38.

39.     SR Justus denies the allegations in Paragraph 39.

40.     SR Justus lacks sufficient information to form a belief as to the veracity of the allegations in Paragraph 40, and therefore denies same.

41.     With respect to Paragraph 41, SR Justus admits that it has records of the names and addresses of the purported "collective," but denies that such a "collective" actually exists according to applicable law.

42.     SR Justus admits the allegations in Paragraph 42.

43.     With respect to Paragraph 43, SR Justus denies that such a "collective" actually exists according to applicable law, but admits that the members of the hypothetical "collective" described in the Complaint would be considered "employees" as defined in the FLSA.

44.     SR Justus admits the allegations in Paragraph 44.

45.     SR Justus admits the allegations in Paragraph 45.

46.     SR Justus admits the allegations in Paragraph 46.

47.     SR Justus denies the allegations in Paragraph 47.

48.     SR Justus denies the allegations in Paragraph 48.

49.     SR Justus denies the allegations in Paragraph 49.

50.     SR Justus denies the allegations in Paragraph 50, and affirmatively relies upon the "Motor Carrier Exception" to the FLSA overtime pay requirements.

51.     SR Justus denies the allegations in Paragraph 51.

52.     SR Justus denies the allegations in Paragraph 52.

53.     Any allegations not specifically admitted to herein are DENIED.

54.     SR Justus reserves the right to amend this Answer depending on additional information which may become known to it throughout the litigation of this matter.

### THIRD DEFENSE

SR Justus affirmatively pleads the "Motor Carrier Exemption" as defined under Section 13(b)(1) of the FLSA, 29 U.S.C. § 201 *et al.*, as well as all other provisions of the FLSA, and relies upon same as a bar to the recovery sought by the Plaintiff and/or the hypothetical Collective.

### FOURTH DEFENSE

In the event that SR Justus is adjudged to be liable to the Plaintiff or the hypothetical Collective for unpaid wages pursuant to any violation of the FLSA, SR Justus states that any failure was unintentional and with a good-faith belief that the payment of wages to the Plaintiff or the hypothetical Collective was in compliance with applicable law, and not with intentional and/or reckless disregard as to same; and relies upon this as a bar, in part, to recovery sought by the Plaintiff and/or the hypothetical Collective.

### FIFTH DEFENSE

SR Justus affirmatively pleads all defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and relies upon same as a bar, either in whole or in part, to recovery sought

by the Plaintiff and/or the hypothetical Collective, including but not limited to accord and satisfaction, settlement and or/payment and release.

## SIXTH DEFENSE

SR Justus affirmatively pleads all defenses arising in equity, including but not limited to the doctrine of unclean hands, and relies upon same as a bar, either in whole or in part, to recovery sought by the Plaintiff and/or the hypothetical Collective.

## SEVENTH DEFENSE

SR Justus affirmatively states that it lacked the ability to directly supervise each and every employee throughout the course of his/her workday and does not know whether the Plaintiff or any member of the hypothetical Collective in fact, was working for the duration of the work hours registered; and to the extent that the Complaint seeks recovery for time that is not compensable time (i.e., "hours worked") under the FLSA, SR Justus relies upon same as a bar, either in whole or in part, to recovery on the Complaint; alternatively, SR Justus is entitled to offset any sums compensating for periods in which Plaintiff or any member of the hypothetical Collective was not engaged to work, or actually working.

## EIGHTH DEFENSE

The Plaintiff and members of the hypothetical Collective are not similarly situated; as the potential claims of the purported class clearly indicate significant variability based on the following: hours worked, job duties performed, and applicable rates of pay.

## NINTH DEFENSE

The Plaintiff and members of the hypothetical Collective have failed to mitigate their damages, if any exist; and SR Justus relies upon same as a bar, either in whole or in part, to recovery on the Complaint.

**TENTH DEFENSE**

SR Justus reserves the right to amend this Answer to include additional affirmative defenses based upon information subsequently discovered in the pendency of this litigation.

WHEREFORE, SR Justus prays for the following relief:

a.      That the Complaint be dismissed with prejudice or alternatively, that judgment be entered on the Complaint in favor of SR Justus, and that all relief in the Prayer For Relief in the Complaint be denied, whether equitable, monetary, declaratory or otherwise;

b.      That SR Justus recover its costs herein expended, including attorneys' fees; and

c.      Any and all other relief to which it may be entitled, including TRIAL BY JURY.

**Respectfully submitted:**

**FOWLER BELL PLLC**

___/s/ Matthew D. Ellison_____
Matthew D. Ellison, Esq.
300 West Vine Street, Suite 600
Lexington, KY 40507-1751
(859) 252-6700
(859) 255-3735 fax
MEllison@FowlerLaw.com
**ATTORNEYS FOR DEFENDANT,**
**SR JUSTUS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th of April, 2018, a true and accurate copy of the foregoing was served on all parties registered to receive electronic notice via the Court's CM/ECF notification system.

/s/ *Matthew D. Ellison*
**COUNSEL FOR DEFENDANT**

4841-6807-1779, v. 1/9905.00010